**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

TURRELLE DANNAIL GIVENS                                          PLAINTIFF

v.                                 4:11-cv-00472-BRW-JTK

KARL BYRD, et al.                                               DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Billy

Roy Wilson.  Any party may serve and file written objections to this recommendation.  Objections

should be specific and should include the factual or legal basis for the objection.  If the objection

is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations.   The copy will be furnished to the opposing party.    Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District
        Judge (if such a hearing is granted) was not offered at the
        hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the
        hearing before the District Judge in the form of an offer of

proof, and a copy, or the original, of any documentary or
other non-testimonial evidence desired to be introduced at
the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary

hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

### I.      Introduction

Plaintiff Givens is an inmate incarcerated at the Faulkner County Detention Center (Jail). He

filed this pro se 42 U.S.C. § 1983 action against numerous Defendants, alleging interference with

his legal mail and improper confiscation of his property.  By Order dated August 3, 2011, this Court

granted Plaintiff's Motion to Proceed in forma pauperis in this action, and directed him to file an

Amended Complaint (Doc. No. 8).  The Court noted that although Plaintiff named six individuals

as Defendants, he named only one Defendant in the body of his Complaint, and further cautioned

Plaintiff that an Amended Complain would render his Original Complaint without legal effect.  (Id.)

Plaintiff has now filed an Amended Complaint, in which he names as Defendants Lt. Andrew, Lt.

Lasker, and unknown Jail employees (John Does).   Plaintiff asks for monetary relief from

Defendants, together with an investigation into the Jail's mail room practices.

### II.     Screening

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints

seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).  The Court

2

must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(A)(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim.  See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  Denton v. Hernandez, 504 U.S. 25, 32 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## III.    Facts and Analysis

In his Amended Complaint, Plaintiff states that following a search of his cell by the John Doe Jail employees, he realized that an item of legal mail was missing.  He filed a grievance about this but the item was not found.  In addition, he states his grandparents sent him a letter and a money order on August 15, 2011, and although he received the letter, he did not receive the money order.  Finally, he claims mail room employees opened his legal mail.

In order to support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under the color of state law deprived the Plaintiff of some Constitutional right.  Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993).  However, Plaintiff's allegations concerning the loss of his personal property (mail

and money order) do not state an actionable constitutional claim.    When a state actor deprives an individual of personal property, the individual does not have a § 1983 claim if state law provides an adequate post-deprivation remedy.  Hudson v. Palmer, 468 U.S. 517, 530-537 (1984).  In Arkansas, the action of conversion is a common law tort action for the wrongful possession or disposition of someone's property.  McQuillian v. Mercedes-Benz Credit Corp., 331 Ark. 242, 247 (Ark. 1998).  See also Scott v. Boyd, No. 3:08cv00136WRW, 2008 WL 4874058 (E.D.Ark. 2008), where the plaintiff inmate sued defendants for damages in a § 1983 action, for property that was lost or stolen while he was incarcerated at the Crittenden County Jail.  The Court held the loss of the inmate's personal property does not constitute an actionable constitutional claim.

In this case, Plaintiff does not allege in his Complaint that he has utilized the post-deprivation remedy and therefore, the Court finds his claim for lost property should be dismissed.

The Court finds Plaintiff also fails to state a claim upon which relief may be granted with respect to his allegations of a lost legal mail item, and that Jail employees opened his legal mail. Plaintiff does not specify the type of item which was lost, nor does he provide any specific facts in support of his claim that his legal mail was improperly opened.    In order to state a claim for denial of access to the courts, Plaintiff must allege that the deprivation or interference of his legal materials resulted in an actual injury.   Lewis v. Casey, 518 U.S. 343, 357 (1996).  However, Plaintiff does not allege that the lost mail item caused any injury, and he does not allege how he was injured by the opening of his legal mail.

**IV.     Conclusion**

IT IS, THEREFORE,  RECOMMENDED that:

1.      Plaintiff's Complaint against Defendants be DISMISSED for failure to state a claim.

2.      Dismissal of this action constitute a "strike" within the meaning of the Prison

Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).

3.      The Court certify that an in forma pauperis appeal from an Order and Judgment

dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

IT IS SO RECOMMENDED this 22nd day of September, 2011.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE